IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR RAFAEL SERRANO,<br><br>            Petitioner,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent._____/ | CASE NO. CR-F-02-05319-LJO<br><br>**ORDER ON PETITIONER'S FED. R. CIV. P. 60(B) MOTION TO VACATE** (Doc. 182) **AND PETITIONER'S SECOND 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** (Doc. 185) |

**INTRODUCTION**

Petitioner Oscar Rafael Serrano ("petitioner") is a federal prisoner and proceeds pro se. He seeks, pursuant to Fed. R. Civ. P. 60(b), to vacate the July 9, 2009 order dismissing his 28 U.S.C. § 2255 ("section 2255") motion as untimely. Respondent United States of America ("government") contends that petitioner's Fed. R. Civ. P. 60(b) motion is untimely and that, even if the Court finds the motion to be timely, it should be denied because petitioner has failed to demonstrate excusable neglect. Petitioner also seeks adjudication of a second section 2255 motion filed on March 28, 2011.[1] The government

---

[1] Under the "prison mailbox rule" a document filed by a pro se prisoner is deemed "filed" as of the time the prisoner delivers it to prison authorities for mailing rather than the time it is received by the court. *See Houston v. Lack*, 487 U.S. 266, 275, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). Accordingly, all the filing dates that pertain to petitioner in this order refer

1

argues that the second section 2255 motion is second or successive and thus, requires certification by the Court of Appeals. Having considered the parties' arguments, this Court DENIES petitioner's Fed. R. Civ. P. 60(b) motion to vacate the July 9, 2009 order and DISMISSES the second section 2255 motion filed on March 28, 2011.

## BACKGROUND

### Conviction and Sentence

On March 8, 2004, petitioner pled guilty to conspiracy to manufacture and distribute methamphetamine and aiding and abetting, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). He was sentenced to 235-months imprisonment. The judgment was entered on June 23, 2004.

### First Section 2255 Motion

On June 23, 2008, petitioner filed a section 2255 motion in which he alleged two grounds for relief. First, petitioner argued that he was entitled to equitable tolling because he was denied access to his legal files and relied on his counsel's erroneous advice. (Docket #173, p. 4). Second, he argued that his counsel's failure to inform him of "time limits" caused him to lose his right to appeal and constituted ineffective assistance of counsel. (Docket #173, p. 5).

On March 11, 2009, the Court gave petitioner 30 days to file an amended section 2255 motion based on a factual inconsistency in petitioner's motion. (Docket #175, p. 11). The Court explained that it could not determine whether petitioner was entitled to equitable tolling because the facts underlying petitioner's ineffective assistance of counsel claim were inconsistent. Specifically, the Court pointed out that:

> [i]f Petitioner's representations that he or members of his family told [counsel] to file a notice of appeal and that [counsel] repeatedly advised members of Petitioner's family concerning the status of the appeal are borne out, it may be that Petitioner's four-year delay in filing the Section 2255 motion will be timely or subject to equitable tolling. If Petitioner's representation that [counsel] failed to consult with him about filing an appeal and discern Petitioner's wishes about the appeal are borne out, Petitioner's motion is not timely because Petitioner would have known at that time that the appeal had not been filed.

---

to the date petitioner delivered the document to prison authorities for mailing and not the date it was received by the court.

(Docket #175, p. 10-11).  The Court ordered petitioner to file an amended motion "setting forth the *specific* facts upon which he relies in contending that he is entitled to relief because of [his counsel's] alleged failure to file an appeal."  (Docket #175, p. 11) (emphasis in original).

On April 10, 2009, petitioner was granted a 30-day extension of time in which to file his amended motion.  (Docket #177).  On April 21, 2009, petitioner filed a motion for appointment of counsel that was denied on April 24, 2009.  (Docket #179).

As of June 9, 2009, petitioner had not filed the amended motion.  Petitioner was then ordered to show cause within 20 days why his section 2255 motion should not be dismissed for failure to comply with the March 11, 2009 order.  (Docket #180).  Petitioner was advised that the "[f]ailure to timely comply with [the order to show cause would] result in the dismissal of his Section 2255 motion as untimely."  (Docket #180, p. 3).  Petitioner did not respond to the order to show cause nor did he file an amended motion.  Accordingly, on July 9, 2009, the Court dismissed petitioner's section 2255 motion as untimely.  (Docket # 181).

**Fed. R. Civ. P. 60(b) Motion to Vacate**

On July 29, 2010, petitioner filed the instant Fed. R. Civ. P. 60(b) motion to vacate the Court's July 9, 2009 order dismissing his section 2255 motion as untimely.  (Docket #182).  In the motion, petitioner explains that he did not file an amended section 2255 motion, pursuant to the Court's March 11, 2009 order, because he was waiting for a declaration from his sister in Mexico that he did not receive until July 20, 2010.  Petitioner maintains that when he received the March 11, 2009 order, a bilingual inmate,[2] who was familiar with federal law and assisting him, told him that he needed a declaration from a family member explaining when and where counsel was instructed to file an appeal.  Petitioner immediately requested a declaration from his sister in Mexico but did not receive the declaration until July 20, 2010.

Petitioner also explains that he did not respond to the Court's June 9, 2009 order to show cause because he did not have a bilingual inmate familiar with federal law to assist him. Petitioner asserts that sometime in April 2009 he was placed in the Special Housing Unit ("SHU").  When he was released

---

[2] Petitioner is a citizen of Mexico and speaks Spanish only.

3

from the SHU, the bilingual inmate who was previously assisting him was no longer housed at the Federal Correctional Institution ("FCI") in Greenville, Illinois. Accordingly, petitioner was unable to comply with the order.

In May 2010, petitioner was transferred to the FCI in Pollock, Louisiana. On July 20, 2010, petitioner received a declaration from his sister which stated that the day after sentencing she instructed counsel to file an appeal for her brother. Upon receipt of the declaration, petitioner located a bilingual inmate familiar with federal law to assist him and filed the instant Fed. R. Civ. P. 60(b) motion to vacate. In the motion, petitioner contends that the July 9, 2009 order dismissing his section 2255 motion as untimely should be vacated, pursuant to Fed. R. Civ. P. 60(b)(1), due to excusable neglect.[3] He also asserts that the July 9, 2009 order should be vacated, pursuant to Fed. R. Civ. P. 60(b)(5), because applying it prospectively is no longer equitable in light of *Holland v. Florida*, 130 S. Ct. 2549 (2010).

In response, the government contends that petitioner's Fed. R. Civ. P. 60(b) motion is untimely. It also argues that even if the Court finds the motion to be timely, the motion should be denied because petitioner has failed to demonstrate excusable neglect. The government further asserts that Fed. R. Civ. P. 60(b)(5) does not apply in this context.

**Second Section 2255 Motion**

On March 28, 2011, petitioner filed a second section 2255 motion to vacate, set aside, or correct his sentence. (Docket # 185). In the second section 2255 motion, he contends that his plea agreement and guilty plea were involuntary because he received ineffective assistance of counsel. Petitioner asserts that he received ineffective assistance of counsel when his counsel informed him that he would not be deported following completion of his sentence. He also argues that he received ineffective assistance of counsel when counsel told him that he would be eligible for a one year deduction from his sentence upon successful completion of the Bureau of Prisons 500 hour Residential Drug Abuse Program. In response, the government contends that petitioner's March 28, 2011 section 2255 motion is second or successive and thus, requires certification by the Court of Appeals.

---

[3] In petitioner's motion he contends that "Fed. R. Civ. P. 60(b)(6) states on motion and just terms, the court may relieve a party from a final judgment for excusable neglect." Fed. R. Civ. P. 60(b)(1), is the subsection that allows the Court to relieve a party from an order due to excusable neglect. Thus, this Court construes petitioner's argument as a motion to vacate pursuant to Fed. R. Civ. P. 60(b)(1).

4

Having considered the parties' arguments and the relevant law, this Court issues this order.

**DISCUSSION**

**I. Fed. R. Civ. P. 60(b) Motion to Vacate**

Fed. R. Civ. P. 60(b) enumerates six grounds upon which a motion for relief from a final order may be made: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief. Petitioner contends that Fed. R. Civ. P. 60(b)(1) and (b)(5) are applicable here. Each of petitioner's arguments will be discussed in turn.

**A. Fed. R. Civ. P. 60(b)(1)**

Petitioner asserts that the July 9, 2009 order dismissing his section 2255 motion as untimely should be vacated, pursuant to Fed. R. Civ. P. 60(b)(1), due to excusable neglect. Petitioner's arguments are untimely and fail on the merits.

**1. Untimeliness**

A party may be relieved from a final order due to excusable neglect under Fed. R. Civ. P. 60(b)(1); however, the motion must be brought no more than a year after the entry of the order. *See* Fed. R. Civ. P. 60(c)(1). The order dismissing petitioner's section 2255 motion as untimely was entered on July 9, 2009. Petitioner filed his Fed. R. Civ. P. 60(b) motion on July 29, 2010. Petitioner's motion was filed 20 days after the one year limit and is therefore untimely. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 393, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) (recognizing that Rule 60(b)(1) permits courts to reopen judgments for reasons of excusable neglect but only on motion made within one year of the judgment).

**2. Merits**

Even if petitioner's Rule 60(b) motion was timely, petitioner would not be entitled to relief. Petitioner contends that the July 9, 2009 order dismissing his section 2255 motion as untimely should be vacated due to excusable neglect. He maintains that his failure to respond to the court is excusable because he was waiting for a declaration from his sister in Mexico that he did not receive until July 20,

5

2010. Petitioner explains that when the district court ordered him in March of 2009 to file an amended section 2255 motion, the bilingual inmate familiar with federal law that was assisting him told him that the Court wanted a "declaration from at least one family member explaining when and where [his attorney] was told to file an appeal." (Docket #182, p. 4). Petitioner immediately requested a declaration from his sister in Mexico. He did not receive the declaration until July 20, 2010. Petitioner argues that he cannot be faulted for the length of time it took his sister to send the declaration.

The term excusable neglect in Fed. R. Civ. P. 60(b)(1) "covers cases of negligence, carelessness and inadvertent mistake." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1224 (9th Cir. 2000). In determining whether the neglect is excusable, the Ninth Circuit requires the consideration of at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381-82 (9th Cir. 1997) (per curiam) (adopting test and quoting from *Pioneer*, 507 U.S. at 395). Here, the *Briones* factors weigh against petitioner and show that his neglect was not excusable. Each factor will be discussed in turn.

The danger of prejudice to the opposing party here is minimal. In the government's response, it offers no argument for how it would be prejudiced if petitioner's Fed. R. Civ. P. 60(b) motion is granted. The greatest harm this Court can think of that the government would suffer is a delay in the resolution of the case. However, in this context "[p]rejudice requires greater harm than simply that relief would delay resolution of the case." *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009).

The length of the delay was extensive. Petitioner's amended section 2255 motion was due on May 11, 2009.[4] He was then given until June 29, 2009, to show cause why his section 2255 motion should not be dismissed for failure to file an amended section 2255 motion. Petitioner did not file anything with the Court until July 29, 2010, which is when he filed the instant motion to vacate. The instant motion was filed more than 14 months after his amended section 2255 motion was due and 13 months after the order to show cause was due. Accordingly, the length of the delay was extensive. The likely impacts of the delay on the proceeding include lapses of memory and loss of evidence. Petitioner

---

[4] The May 11, 2009 due date takes into account the 30-day extension of time petitioner was granted on April 10, 2009.

6

alleges an ineffective assistance of counsel claim for counsel's failure to file an appeal in 2004. It is likely that counsel's memory has faded over the past seven years and that his notes regarding this case no longer exist. Although the bulk of the seven year delay was caused by petitioner's four year delay in filing his section 2255 motion, the additional 14-month delay in filing the amended motion does not help matters.

With regard to the reason for the delay, petitioner contends that when the district court ordered him in March of 2009 to file an amended section 2255 motion, the inmate assisting him with his petition told him that the Court wanted a "declaration from at least one family member explaining when and where [his attorney] was told to file an appeal." (Docket #182, p. 4). Petitioner immediately requested a declaration from his sister in Mexico. He did not receive the declaration until July 20, 2010. Petitioner contends that he cannot be faulted for the length of time it took his sister to send the declaration.

Petitioner's explanation for the delay does not weigh in his favor because the Court never requested the submission of a declaration. The March 2009 order makes clear that in order for the Court to determine the timeliness of petitioner's section 2255 motion or whether petitioner is entitled to equitable tolling, the Court needed clarification regarding the facts surrounding the filing of his appeal. The Court explained that it was unclear "whether [petitioner's attorney] failed to file an appeal after being timely instructed to do so by Petitioner or Petitioner's family, or whether [Petitioner's attorney] failed to consult with Petitioner after sentencing about filing an appeal." (Docket #175, p. 11). The Court then ordered petitioner to file an amended 2255 motion "setting forth the *specific* facts upon which he relies in contending that he is entitled to relief because of [his attorney's] alleged failure to file an appeal." *Id*. (emphasis in original). The plain language of the March 2009 order requests clarification of the facts underlying petitioner's claim and not the submission of a declaration. In addition, in an April 2009 order denying petitioner's request for counsel, the Court reiterated the fact that all that was required of petitioner was to allege the specific facts upon which he relies in contending that he is entitled to relief. The Court explicitly stated: "These facts are within Petitioner's knowledge and do not require the assistance of counsel to articulate." (Docket #179, p. 3). Accordingly, petitioner was made aware that there was no need for a declaration on two separate occasions. In addition, even if submission of the declaration was necessary, petitioner offers no explanation for why it took his sister 16 months to

1 submit it. *See Casey v. Albertson's Inc.*, 362 F.3d 1254, 1259-60 (9th Cir. 2004) (holding that plaintiff's argument that her Rule 60(b)(1) motion should be granted because she was justifiably delayed in her efforts to obtain a declaration was unpersuasive because plaintiff did not explain sufficiently why she was unable to obtain the declaration until nearly a year after the entry of summary judgment).

With regard to whether petitioner acted in good faith, his repeated failure to comply with this Court's deadlines, while it does not rise to the level of bad faith, does not weigh in petitioner's favor. The judgment was entered on petitioner's drug convictions in June of 2004. He did not file his section 2255 motion until June of 2008. When this Court ordered petitioner to file an amended section 2255 motion because it needed clarification regarding the facts underlying his claims, he failed to comply with the order even after this Court granted him a 30-day extension of time. In addition, petitioner failed to respond to the Court's July 2009 order to show cause as to why the case should not be dismissed as untimely. It was not until July of 2010, six years after the judgment was entered for petitioner's drug convictions and 14 months after the amended section 2255 motion was due, that petitioner filed the instant motion. Petitioner's repeated delays and failures to comply with this Court's orders do not show that petitioner acted deviously or willfully however, they do not weigh in petitioner's favor either. *Cf. Bateman*, 231 F.3d at 1225 (holding that counsel's failure to respond to a motion for summary judgment until twelve days after the district court granted summary judgment showed a lack of regard for his client's interests and the court's docket but that the errors resulted from "negligence and carelessness, not from deviousness or willfulness").

Although the prejudice to the opposing party is minimal, the length of petitioner's delay, his reason for the delay, and his repeated failure to comply with this Court's orders show that, under the equitable test set forth in *Briones,* his neglect was not excusable. Accordingly, even if petitioner's Rule 60(b)(1) motion was timely, petitioner would not be entitled to relief.

**B. Fed. R. Civ. P. 60(b)(5)**

Petitioner also contends that the July 9, 2009 order dismissing his section 2255 motion as untimely should be vacated, pursuant to Fed. R. Civ. P. 60(b)(5), because applying the order is no longer equitable. He asserts that applying the order is no longer equitable because he is entitled to equitable tolling in light of *Holland v. Florida*, 130 S. Ct. 2549 (2010). In *Holland*, the Supreme Court held that

a petitioner may be entitled to equitable tolling based on the extraordinary nature of his attorney's misconduct. *Id*. at 2564. Petitioner argues that his attorney's unprofessional conduct creates an extraordinary circumstance warranting equitable tolling. The government maintains that Fed. R. Civ. P. 60(b)(5) applies only to those judgments that have prospective application. This Court agrees with the government.

Under Fed. R. Civ. P. 60(b)(5), a party may be relieved from a final order if "applying it prospectively is no longer equitable." The Ninth Circuit has explicitly stated that "Rule 60(b)(5) applies only to those judgments that have prospective application." *Harvest v. Castro*, 531 F.3d 737, 748 (9th Cir. 2008). "The standard used in determining whether a judgment has prospective application is whether it is executory or involves the supervision of changing conduct or conditions." *Id*. (citing *Maraziti v. Thorpe*, 52 F.3d 252, 254 (9th Cir. 1995)) (internal quotation marks omitted). The July 2009 order dismissed petitioner's section 2255 motion as untimely. Thus, the order was executory in nature and did not involve the supervision of changing conduct or conditions. Accordingly, Fed. R. Civ. P. 60(b)(5) does not apply here.

For these reasons, this Court DENIES petitioner's Fed. R. Civ. P. 60(b) motion to vacate the July 9, 2009 order dismissing his section 2255 motion as untimely.

**II. Second Section 2255 Motion**

On March 28, 2011, petitioner filed a second section 2255 motion. Before this Court can consider a second or successive motion, petitioner must receive certification from the appropriate Court of Appeals. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A);[5] *Felker v. Turpin*, 518 U.S. 651, 657, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996) (explaining that 28 U.S.C. § 2244(b)(3) acts as a "gatekeeping" mechanism for the consideration of second or successive applications in the district court thus, a petitioner must receive certification from the Court of Appeals prior to filing a second or successive habeas petition in the district court); *United States v. Reyes*, 358 F.3d 1095, 1097 (9th Cir. 2004) (per

---

[5] Section 2255 provides in part: "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain" either newly discovered evidence or a new, retroactive rule of constitutional law. 28 U.S.C. § 2255(h). In turn, 28 U.S.C. § 2244(b)(3)(A) states: "Before a second or successive application permitted by the section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

9

curiam) ("A second or successive motion is allowed under 28 U.S.C. § 2255, subject to certification pursuant to 28 U.S.C. §2244[.]"). Petitioner has not shown that he has obtained leave from the Court of Appeals to file a second motion. Thus, this Court lacks jurisdiction to consider the claims raised in the March 28, 2011 section 2255 motion. *See Reyes v. Vaughn*, 276 F. Supp. 2d 1027, 1029-30 (C.D. Cal. 2003) (holding that the court lacked jurisdiction to consider petitioner's second habeas petition because petitioner failed to obtain authorization from the Ninth Circuit). The fact that petitioner's June 2008 section 2255 motion was dismissed as untimely does not alter this Court's analysis. *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (holding "that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)"). Accordingly, this Court DISMISSES, without prejudice, petitioner's section 2255 motion to vacate, set aside, or correct sentence filed on March 28, 2011.

**III. Certificate of Appealability**

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in a section 2255 proceeding unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Williams v. Calderon*, 83 F.3d 281, 286 (9th Cir. 1996). A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4, 103 S. Ct. 3382, 3394-95, n. 4 (1983). In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c). This Court has reviewed the record of this case and finds no jurist of reason would resolve the dismissal of petitioner's second section 2255 motion for lack of jurisdiction differently. *See Barefoot*, 463 U.S. at 893, n. 4, 103 S. Ct. at 3394-3395, n. 4; *Clark v. Lewis*, 1 F.3d 814, 819 (9th Cir. 1993). Accordingly, a certificate of appealability is improper.[6]

---

[6] Although this Court finds that a COA is improper with regard to its decision to dismiss petitioner's second section 2255 motion for lack of jurisdiction, should petitioner wish to file a second section 2255 motion he must obtain the requisite certification from the U.S. Court of Appeals for the Ninth Circuit. *See* 28 U.S.C. § 2255(h), 28 U.S.C. § 2244(b)(3).

10

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DENIES petitioner's Fed. R. Civ. P. 60(b) motion to vacate;

2. DISMISSES, without prejudice, petitioner's section 2255 motion to vacate, set aside, or correct sentence filed on March 28, 2011; and

3. DENIES petitioner a COA with regard to the section 2255 motion filed on March 28, 2011.

4. The clerk is directed to close Case No. CV-F-08-0968-REC.

IT IS SO ORDERED.

Dated:   November 21, 2011              /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE